CASALDUC *v.* SOBA ET AL OF THE BOARD OF REGISTRY.

APPLICATION for a Writ of Mandamus.

No. 5.—Decided November 4, 1904.

MANDAMUS—PARTY BENEFICIALLY INTERESTED.—The petitioner in an application
for *mandamus* must be a party beneficially interested in the acts of which
performance is sought by virtue of such proceeding.

ID.—CANDIDATES FOR OFFICE BY POPULAR ELECTION.—A candidate for office by
popular election is not, within the meaning of section 3 of the *mandamus* act,
a party beneficially interested in the sense that a writ of this nature may be
issued, ordering the reregistration of electors whose names have been omitted
from the electoral lists.

ELECTIONS—REGISTRATION OF ELECTORS.—Electors have the right to personally
require that their names be registered in the electoral lists and to ask that
they be replaced in cases in which they have been illegally eliminated, but
this right cannot be exercised by any person other than the interested parties
themselves.

The facts are stated in the opinion.

*Mr. Casalduc,* for plaintiff.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

Attorney Felipe Casalduc Goicoechea, in a petition dated
the 30th of last October, requested the Supreme Court to
issue an alternative writ of *mandamus* ordering the judges
mentioned therein, of the boards of registry of precincts 43,
44, 45, 48 and 49, Adjuntas, to register upon the respective
poll-lists the names of several voters designated by him which
had been eliminated therefrom on the 18th and 19th without
complying with the formalities prescribed by the law, the
affidavits not having been drawn separately nor signed before
the judges who were to certify them, the latter having at-
tached their signatures to each affidavit after the polls had
been closed for registration and falsely affirmed that they
had been signed and sworn to before them.

The petitioner appears in his own right and alleges that
he is the candidate of the Unionist party for the elective
office of municipal judge of Ponce, at the election to be held

on the 8th of this month in which the Ponce electors are to vote with those of Adjuntas; and that it is a matter involving his right that the aforesaid electors, who were unlawfully excluded, be again registered, there being no adequate and effective remedy in the ordinary course of the law other than the one resorted to by him to secure their re-inscription.

Upon consideration of the petition filed by Felipe Casalduc Goicoechea, it appears from a mere perusal thereof that the complainant is not a party beneficially interested in the issuance of the writ of *mandamus* applied for, because no one can affirm that the electors whose names were stricken from the respective poll-lists, if again included therein, would go to the polls and vote on the 8th of this month, and much less that, in case they did so, their votes would be given to the candidate Felipe Casalduc, for the office of municipal judge of Ponce.

That the person applying for the issuance of a writ of *mandamus* must be a party beneficially interested is clearly to be inferred from the text of section 3 of the "Act establishing the Writ of Mandamus," approved March 12, 1903, which closes with these words: "It may be issued on the information of the party beneficially interested."

Apart from the *mandamus* act, by the "Act to Regulate the Registration of Electors," approved March 1, 1902, as amended by the act of March 10, last, electors are given the right to require personally that their names be recorded on the list of qualified voters or replaced if wrongfully erased therefrom; but it does not authorize the exercise of this right by any person other than the interested parties themselves; whence it follows that if Attorney Felipe Casalduc could not claim before the respective judges the right whereof the electors mentioned by him were deprived, neither can he resort to a writ of *mandamus* for the purpose of upholding said right.

For the reasons above set forth the writ of *mandamus*

applied for in his own right by Attorney Felipe Casalduc Goicoechea, is hereby denied.

*Denied.*

Chief Justice Quiñones and Justices Figueras, MacLeary, and Wolf concurred.